IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WERNER, SR., | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 07-CV-1910 |
| COUNTY OF NORTHAMPTON, et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                                                    DECEMBER 19, 2007

Defendants move to dismiss plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, defendants' motion is granted and plaintiff is granted leave to file a second amended complaint.

I.  STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) allows courts to screen out cases "where a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-12 (3d Cir. 1999). The Third Circuit Court of Appeals instructs that "the complaint will withstand a Fed. R. Civ. P. 12(b)(6) attack if the material facts as alleged, in addition to inferences drawn from those allegations, provide a basis for recovery." Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 124-25 (3d Cir. 1998). In deciding a motion to dismiss, a court is required to accept all of the plaintiff's factual

allegations as true.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Thus, a court should grant a motion to dismiss only when it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980).  In resolving a motion to dismiss, the court must primarily consider the allegations contained in the complaint, although matters of public record, orders, and exhibits attached to the complaint may also be considered.  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

## II.  FACTS

On May 12, 2006, James Werner, Jr., plaintiff's son, committed suicide.  After Werner, Jr.'s death, which occurred in the family home, defendant Zachery Lysek, the County Coroner, and Deputy Coroner Donald DeReamus, a non-party, were called to the scene.  Either Lysek or DeReamus photographed Werner, Jr. in the regular course of their official duties.  After the Coroner's investigation was complete, the photographs were apparently taken to the home of Mr. DeReamus, (Compl. ¶ 10), and subsequently "ended up in the possession of DeReamus' son, Ryan DeReamus".  (Compl. ¶ 11).  Ryan posted the pictures on his personal webpage with the unfortunate caption, "There is no better way to kill yourself."  (Compl. ¶ 13).  These photographs were also shown to students at Nazareth High School.  (Compl. ¶ 16).  After this incident, defendant Lysek called plaintiff and apologized for the public dissemination of the photographs.

Plaintiff consulted Mr. Russo, his counsel in this action, who wrote letters to the District Attorney and Solicitor for Northampton County on June 5, 2006, requesting the matter be investigated.  (Compl. Ex. A and B).  The District Attorney for Northampton County responded with a letter on June 9, 2006, acknowledging he was aware of the incident and that Ryan

DeReamus' actions "[did] not easily fall within any strict criminal statute." (Compl. Ex. C).  On May 11, 2007, plaintiff filed a complaint asserting a violation of his liberty interest in his reputation and good name pursuant to 42 U.S.C. § 1983, and averring an invasion of privacy by defendants as a result of the publication of the photographs.  He subsequently amended his Complaint on August 2, 2007, which defendants now move to dismiss.

### III.  ANALYSIS

#### A.  Deprivation of Liberty

Plaintiff alleges a constitutional violation under 42 U.S.C. § 1983 for a deprivation of the liberty interest in his good name and reputation.  In order to maintain this claim, plaintiff must satisfy the "stigma plus" test by showing:  (1) a stigma to his reputation, plus (2) a deprivation of some additional right or interest.  Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006) (citing Paul v. Davis, 424 U.S. 693, 701 (1976)).  As in all § 1983 claims, plaintiff must also show a person acting under color of law caused the alleged deprivation.  Blum v. Yaretsky, 457 U.S. 991 (1982).

1. Stigma Plus Test

a. First Prong - Stigma to Plaintiff's Reputation

To satisfy the first prong of the test, plaintiff must allege the purportedly stigmatizing statements, in this case the photographs, were (1) made publically and (2) false.  Id. (citing Bishop v. Wood, 426 U.S. 341, 348 (1976) and Codd v. Velger, 429 U.S. 624, 627-29 (1977), among others).

There is no doubt the photographs were displayed in public, thus satisfying the first requirement.  Ryan DeReamus posted the pictures on his personal webpage, and they were

shown to students at Nazareth High School.  Plaintiff fails the first prong of the stigma plus test, however, with regard to proof of falsity.  Nowhere in his Amended Complaint does plaintiff aver the scenes depicted in the photograph and the accompanying text, however outrageous and insensitive, were false.  The only place in plaintiff's Amended Complaint that mentions falsity is in Paragraph 39, under Count II Invasion of Privacy, where he claims "the false depiction of the death scene photographs were part of an attempt to falsely and maliciously create a situation whereby the public could wrongfully assume that there was something untoward or evil about the circumstances leading up to the Plaintiff's son's death." (Compl. ¶ 39).  This statement, however, does not contend the photographs falsely depict the scene, but rather the display of the photographs provide a false context for the events leading up to Werner, Jr.'s death.  Further, plaintiff only pleads facts that explain why and how he was damaged by the posting of the photographs and does not challenge the veracity of the scene depicted in the photographs.  Accordingly, plaintiff has not alleged sufficient facts to meet the first prong of the stigma plus test.

      b.  Second Prong - Deprivation of an Additional Right or Interest

 Even if posting the photographs was sufficient to meet the first prong of the stigma plus test, plaintiff does not plead facts necessary to meet the second prong, which requires proof that he was deprived of a right or interest other than stigma to his reputation.

 Plaintiff's Amended Complaint does not assert he was deprived of any right other than the interest in his reputation due to the posting of the photographs.  He claims the photographs exposed him to scorn and ridicule in the community (Compl. ¶ 20) and deprived him of his stature and standing in the community (Compl. ¶ 22) because people aware of the posting knew

he was the father of the young man pictured. While the actions giving rise to this lawsuit are offensive, plaintiff's "reputation alone is not an interest protected by the Due Process Clause", and plaintiff does not allege he has lost business or any similar concrete harm as a result of the posting. Therefore, plaintiff has failed to plead sufficient facts to satisfy the second prong of the stigma plus test.

Plaintiff's Response contends his employment as a plumber will be affected by the public dissemination of these photographs because his clients may ask him to recount the events leading up to his son's death. Therefore, plaintiff argues, the posting of the photographs will have a detrimental effect on his ability to properly do his job. (Resp. at 3). However, as defendants' point out in their Reply, the Court may not consider the possible effects on plaintiff's employment because these facts were not pled in his Amended Complaint. Because plaintiff's Amended Complaint "may not be amended by the briefs in opposition to a motion to dismiss," Commonwealth of Pa. v. Zimmerman, 836 F.2d 173, 181 (3d Cir. 1988), the Court will not consider this argument.

Furthermore, even if plaintiff had pled these facts in his Amended Complaint, they would still be insufficient to meet the second prong of the test. The second prong requires more than mere economic harm. See Municipal Revenue Services, Inc. v. McBlain, No. 06-4749, 2007 WL 879004, at *4 (E.D. Pa. Mar. 19, 2007) (citing Kelly v. Borough of Sayreville, 107 F.3d 1073, 1078 (3d Cir. 1997) and Sturm v. Clark, 835 F.2d 1009, 1013 (3d Cir. 1987). Therefore, even if plaintiff experienced economic harm due to the posting of the photographs and pled these facts in his Amended Complaint, he would not satisfy this prong. Also, the Third Circuit has held "[t]he possible loss of future employment opportunities is patently insufficient to satisfy the [second

5

prong] . . . ." Clark v. Township of Falls, 890 F.2d 611, 620 (3d Cir. 1989).  Accordingly, plaintiff would not satisfy the second prong of the test even if his Amended Complaint had asserted he lost future employment opportunities due to Ryan DeReamus' posting of the photographs.

### 2. State Action Requirement

In order to sustain a claim under § 1983, Plaintiff must show state action caused the violation or deprivation of which he complains. Lugar v. Edmonson Oil Co., Inc., 457 U.S. 922, 936 (1982).  In this case, both defendants are clearly state actors because the County of Northampton is a municipality and Lysek is employed as County Coroner.[1]  Plaintiff, however, never asserts the actions taken by the named defendants were the cause of the alleged constitutional deprivation.  Instead, the actions of a private individual - Ryan DeReamus - give rise to plaintiff's allegations.

Plaintiff makes no allegations that defendant state actors caused his deprivation of liberty. He asserts defendant Lysek was present at the scene of James Werner, Jr.'s death, and that either he or Deputy Coroner DeReamus took the photographs in dispute.  He asserts DeReamus took the photographs to his home, where they ended up in the possession of DeReamus' son, Ryan. But it was Ryan DeReamus, a private individual, who posted the photographs on his webpage.

Plaintiff traces the cause of his harm to Ryan DeReamus' actions, and he fails to connect defendant state actors to that conduct.  He neither asserts his reputation was tarnished due to the defendants' negligence or recklessness nor that the posting of the picture was the result of any

---

[1] Defendant Lysek is considered a state actor because he was acting in his official capacity as County Coroner during the events that precipitated this lawsuit.

action or omission by the defendants. He merely contends defendant Lysek was present when the photographs were taken and may have taken them himself. But plaintiff does not claim Lysek's presence at the scene or the taking of the photographs were the cause of his harm. Rather, he claims the cause of his harm was the publishing of the photographs, which was done by a private actor. Therefore, even if plaintiff had pled sufficient facts to meet both prongs of the stigma plus test, his claim would fail because he did not allege state action caused the harm alleged.

   3. Parents' constitutional right to pursue a claim for their child's death under § 1983

  Plaintiff makes another argument in his Response to defendants' motion to dismiss that the Court must acknowledge, but which appears to be superfluous. He discusses the Third Circuit and U.S. Supreme Court precedent that describes a parent's constitutional right to pursue a claim for his child's death under § 1983, and the liberty interest of parents in the care, custody, and control of their minor children. (Pl.'s Resp. 4). While this case law establishes the right of parents to bring a lawsuit on behalf of their minor child, plaintiff has not filed that type of claim. Plaintiff brings this lawsuit averring *his own* rights have been violated, and seeks redress for defendants' actions that allegedly caused damage to *his own* reputation. Furthermore, plaintiff does not even assert in his Amended Complaint that his son was a minor at the time of his death. Accordingly, the Court will disregard plaintiff's argument with regard to his right to bring this lawsuit on behalf of his son because he never asserts his son's rights were violated.

### B. Invasion of Privacy

  Plaintiff also asserts state law claims for invasion of privacy. Since the Court is granting defendants' motion to dismiss with regard to plaintiff's only federal claim at an early stage in the litigation, the Court declines to exercise supplemental jurisdiction over the state claims pursuant

to 28 U.S.C. § 1367(c)(3).  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) (when federal-law claim is eliminated at early stage of litigation, court has powerful reason to choose not to continue to exercise supplemental jurisdiction); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").  Accordingly, these claims are dismissed without prejudice.

## IV.  CONCLUSION

For the above mentioned reasons, defendants' motion to dismiss is granted and plaintiff is granted leave to further amend his Complaint.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WERNER, SR., | : | |
| Plaintiff | : | CIVIL ACTION |
| vs. | : | |
| | : | NO. 07-CV-1910 |
| COUNTY OF NORTHAMPTON, et al., | : | |
| Defendants | : | |

**ORDER**

AND NOW, this 19th day of December, 2007, after consideration of the defendants' motion to dismiss and the plaintiff's opposition thereto, it is hereby ORDERED that:

1. Defendants County of Northampton and Zachery R. Lysek's motion to dismiss (Document No. 6) is GRANTED;

2. Plaintiff is granted leave to further amend his complaint within 20 days of the date of this Memorandum Opinion and Order.

BY THE COURT:

*/s/ Thomas M. Golden*
THOMAS M. GOLDEN, J.