IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WERNER, SR. | : | |
| Plaintiff | : | CIVIL ACTION |
| vs. | : | NO. 07-CV-1910 |
| COUNTY OF NORTHAMPTON, ET AL. | : | |
| Defendants | : | |

## MEMORANDUM OPINION & ORDER

GOLDEN, J.                                                                 JULY 8, 2008

Before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. For reasons that follow, the Court will grant the motion as to Count I and decline to exercise supplemental jurisdiction on Count II.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows courts to dismiss cases "where a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-12 (3d Cir. 1999). The Third Circuit Court of Appeals instructs that "the complaint will withstand a Fed. R. Civ. P. 12(b)(6) attack if the material facts as alleged, in addition to inferences drawn from those allegations, provide a basis for recovery." Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 124-25 (3d Cir. 1998). In deciding a motion to dismiss, a court is required to accept all of the plaintiff's factual allegations as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Thus, a court should grant a motion to dismiss only when it is "beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief." Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). In resolving a motion to dismiss, the court must primarily consider the allegations contained in the complaint, although matters of public record, orders, and exhibits attached to the complaint may also be considered. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

## BACKGROUND

This action arises from the unfortunate events surrounding the death of plaintiff's son, wherein the son of a member of the Northampton County Coroner's Office came into possession of death scene photographs of plaintiff's son and published them on the Internet. The Court incorporates by reference the facts contained in its December 19, 2007 Memorandum Opinion and Order, which dismissed Count I of plaintiff's Amended Complaint and declined to exercise supplemental jurisdiction over the remaining state law claim. See Dkt. Doc. No. 11.

Plaintiff filed a Second Amended Complaint containing new allegations that the photographs posted online created the false impression that plaintiff's son committed suicide, when in fact his death was an accident. See Second Am. Compl. at ¶¶ 19-20. Plaintiff claims that this impression will bar him from taking legal action against the persons who may be responsible for his son's accidental death. See id. at ¶¶ 21-22. Plaintiff also adds that defendant Zachary R. Lysek, the Northampton County Coroner, was grossly negligent in failing to take personal possession of the death scene photographs of plaintiff's son, resulting in the Deputy Coroner's son posting the photographs online.

2

## ANALYSIS

1. **Count I – Deprivation of Liberty Interest**

Assuming that Lysek's alleged gross negligence amounts to state action, plaintiff's Second Amended Complaint still fails to state a claim for a § 1983 due process liberty interest violation because it fails to satisfy the "stigma plus" test. See <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 236 (3d Cir. 2006) (liberty interest deprivation claims must show (1) stigma to reputation; and (2) deprivation of additional right or interest). To satisfy the first element of the test, plaintiff must allege that the stigmatizing statements were false. <u>Codd v. Velger</u>, 429 U.S. 624, 627-29 (1977). To satisfy the second element of the stigma plus test, plaintiff must allege deprivation of a tangible interest beyond reputation. <u>Sturm v. Clark</u>, 835 F.2d 1009, 1012 (3d Cir. 1987). This deprivation must be an "alteration in status," <u>Paul v. Davis</u>, 424 U.S. 693, 708 (1976), and may not be solely a financial harm. <u>Kelly v. Borough of Sayerville</u>, 107 F.3d 1073, 1078 (3d Cir. 1997).

Plaintiff does not meet the first element of the stigma plus test because he does not allege the death scene photographs were false. Rather, plaintiff claims that the photographs "depict or tend to depict a false situation," <u>Second Am. Compl.</u> at ¶ 17, in that they "fueled the false impression that plaintiff's son committed suicide." <u>Id.</u> at ¶ 19. Plaintiff thus claims that the photographs create a false impression regarding the events leading up to the death of plaintiff's son, but he does not impugn the accuracy of the photographs themselves. Plaintiff thus fails to meet the first prong of the stigma plus test.

Plaintiff's claims also fail to satisfy the second prong of the stigma plus test because they allege solely financial and reputational harms, and fail to identify any alteration in legal status.

3

He alleges that publication of the photographs will affect his ability to assert his legal rights in the future, but the "legal rights" to which he refers appear to be his ability to pursue a civil lawsuit. See id. at ¶ 22 (alleging the public's false impression of the photographs "will bar plaintiff from taking legal action against any person or persons whose actions may have lead to the death of the Plaintiff's son."). Reading this allegation in the light most favorable to the plaintiff, the Court understands plaintiff's claim to be that the public's false impression that his son committed suicide will interfere with his ability to pursue damages in a civil case because this impression will taint the potential jury pool.

This allegation is not an "alteration of legal status." Paul, 424 U.S. at 708. Plaintiff may still pursue civil damaeges, should he choose to do so, and the impact that these photographs may have on the jury pool, if any, may be addressed in *voir dire*. At bottom, plaintiff's tainted jury pool claim is a financial harm, and pecuniary injuries cannot satisfy the second prong of the stigma plus test. Kelly, 107 F.3d at 1078. Plaintiff's claim thus fails because he identifies only a financial harm and no alteration of his legal status.

The remaining allegations in Count I fail to state a claim for the reasons set forth in the Court's December 2007 Memorandum Opinion and Order. See Werner v. County of Northampton, 2007 WL 4553702, at *4 (E.D. Pa. Dec. 19, 2007)

2. **Count II – Invasion of Privacy**

As explained in the Court's December 2007 Memorandum Opinion and Order, the Court will decline to exercise supplemental jurisdiction over plaintiff's state law claim. See Werner, 2007 WL 4553702 at *4 (*citing* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

4

### 3. Dismissal with Prejudice

This Complaint represents plaintiff's third attempt to allege a federal cause of action. Defendants moved to dismiss plaintiff's original Complaint, and plaintiff filed an Amended Complaint. See Dkt. Doc. Nos. 1, 3 and 4. The Court then denied defendants' motion to dismiss as moot with leave to renew, which defendants subsequently did. See Dkt. Doc. Nos. 5-6. The Court granted defendants' renewed motion with respect to Count I and granted plaintiff leave to amend the complaint a second time. See Dkt. Doc. No. 11. Plaintiff then filed the Second Amended Complaint now before the Court, and defendants filed another motion to dismiss. See Dkt. Doc. Nos. 12-13. Plaintiff has thus had three opportunities to plead facts that support the legal claims he asserts, and his continued inability to do so demonstrates that further amendment would be futile. See Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000) (holding that "dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or *futility*.") (emphasis supplied). Nothing in this Memorandum Opinion prevents plaintiff from pursuing whatever state law causes of action he may have in the appropriate forum.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WERNER, SR. | : | |
| Plaintiff | : | CIVIL ACTION |
| vs. | : | NO. 07-CV-1910 |
| COUNTY OF NORTHAMPTON, ET AL. | : | |
| Defendants | : | |

**ORDER**

AND NOW, this 8th day of July, 2008, it is hereby ORDERED that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Document No. 13) is GRANTED with respect to Count I, and DENIED with respect to Count II.

IT IS FURTHER ORDERED that:

1. Count I of Plaintiff's Second Amended Complaint is dismissed with PREJUDICE because further amendment would be futile;

2. The Court declines to exercise jurisdiction over the pendent claims in Count II of Plaintiff's Second Amended Complaint; and

3. The Clerk of Court is directed to mark this case as CLOSED.

BY THE COURT:

THOMAS M. GOLDEN, J.